## The State v. Voght.

Criminal law: PERJURY: STATUTE OF LIMITATIONS. Where the defendant in a civil action, wherein he pleads the statute of limitations, is called as a witness by the plaintiff, under section 2742 of the Revision, in order to remove the bar of the statute, and swears that the claim sued upon has no existence, it may be shown, in a criminal prosecution against him for perjury, that he swore falsely in the civil action.

*Appeal from Scott District Court.*

WEDNESDAY, APRIL 21.

DEFENDANT was indicted for perjury, in giving false evidence in a certain action before a justice of the peace, wherein he was defendant and one Fritz Fry was plaintiff. The State gave in evidence, upon the trial in this case in the District Court, the fact that said defendant was duly sworn as a witness called by plaintiff, and the substance of his testimony, which was to the effect that he was not indebted to plaintiff in said action, having never received from plaintiff the items of labor and services constituting the cause of action in that case.

The State then offered to prove that the testimony of defendant in said cause was false. Defendant objected

to the introduction of such evidence, on the ground that it was shown that defendant was called by plaintiff, as a witness in said cause, to prove that the claim upon which suit was brought, and which defendant alleged was barred by the statute of limitations, still justly subsisted against him in favor of plaintiff, Fritz Fry. The court sustained the objection, and the State excepted. Verdict of not guilty; the State appeals.

*H. O'Connor*, Att'y-Gen'l, *L. A. Ellis*, Dist. Att'y, 7th Dist., for the State.

*Cook & Drury* for the defendant.

BECK, J. — The grounds upon which the District Court's ruling was based, as shown by the record, are as follows:

The defendant having been introduced as a witness by the plaintiff in the civil action, for the purpose of removing the bar of the statute of limitations, his evidence was only competent for that purpose, and no other evidence was admissible to prove the fact that the cause of action still justly subsisted or to contradict his testimony upon that question. So upon the indictment the same facts cannot be proven in any other manner, nor defendant's evidence contradicted.

The error in this view of the case will be seen by attention to the following facts: The issue in the civil case was as to the just existence of the cause of action. Upon this issue the law provides that in behalf of plaintiff the defendant is the only competent witness, and his evidence cannot be contradicted. This rule is adopted upon grounds of public policy. Other like rules in regard to evidence, based upon the same reason, are recognized by the law requiring certain evidence or classes of evidence to establish particular facts, as the rules of evidence under the statute of frauds, etc.

The defendant, when giving his testimony in the civil action, was under the sanction of an oath, and was exempted from none of its responsibilities, either legal or moral. The law rested the determination of the issue upon his evidence alone. But this provision in no sense deprived him of the character of a witness nor released him from the legal or moral sanction of the oath administered to him. Upon the indictment the issue of fact was as to the truth of the evidence given by defendant on the trial of the civil case. That evidence having been given under the sanction of an oath, if false, he is subject to the penalty the law prescribes for false swearing. It seems to us the fact that no other evidence can be introduced in such case to contradict the defendant when testifying, instead of being a reason to exempt him from the legal sanction of an oath, is a powerful reason for sustaining and enforcing it. The plaintiff's rights rest solely upon defendant's evidence. The law, in such cases, ought rightly to exact from the witness the truth. The rule contended for by counsel would relieve defendant in such case from all legal penalties for false swearing, and operate as an invitation to the commission of one of the most detestable of all crimes.

Reversed.